IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

      Plaintiff,

v.                                     No. CIV 08-0955 WJ/ACT

DONA ANA COUNTY DETENTION CENTER,
ARAMARK MANAGEMENT SERVICES,
CAPTAIN GARCIA,
LIEUTENANT PORTER, OFFICER HOLGUIN,
MARY TRYILLO [sic], ALEJANDRA RAMIREZ,

      Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint and on several pending motions. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal

standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have intercepted and rejected Plaintiff's incoming mail as well as certain magazines, books, and newspapers. Plaintiff also alleges that he has been denied access to certain legal materials. He claims that Defendants' actions violate a number of his constitutional protections. The complaint seeks damages and equitable relief.

No relief is available on Plaintiff's claims against Defendants Dona Ana County Detention Center or Aramark Management Services. First, allegations against Dona Ana County Detention Center do not state a claim against a "person" for purposes of 42 U.S.C. § 1983. "[T]he district court properly dismissed [Plaintiff]'s suit against the . . . County Jail." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001). "Dismissal against this entity was . . . required because a detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000).

And second, Plaintiff makes no factual allegations against Defendant Aramark affirmatively linking it to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against an entity may not be based solely on a theory of respondeat superior liability for the actions of employees. *See id.* The Court will dismiss Plaintiff's claims against Defendants Dona Ana County Detention Center and Aramark Management Services.

Likewise, Plaintiff's allegations against Defendants Garcia, Porter, and Holguin do not support § 1983 claims. Plaintiff alleges that these Defendants denied his grievances for the alleged

deprivations of mail and legal materials. These claims based on "prison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.' " *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at \*\*2 (10th Cir. Apr. 20, 2000) (quoting *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); and citing *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)). The Court will dismiss Plaintiff's claims against these Defendants.

Also under consideration at this time are Plaintiff's motions to amend (Docs. 13, 14, 15) and to add exhibits (Docs. 14, 15, 19). In the first motion to amend, Plaintiff asks that Chris Barela be added as a Defendant for allegedly interfering with mail. Plaintiff may amend once as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(A), and Defendant Barela will be added to the docket. In the other motions, Plaintiff asks that certain exhibits be added to the complaint. Under D.N.M. LR-Civ. 10.4, these motions will be denied at this time. Evidence may be submitted and considered, as appropriate, if a *Martinez* report or discovery is ordered. Plaintiff also asks that the Dona Ana County Board of Directors be added as a Defendant. Under the rule noted above against *respondeat superior* liability in § 1983 actions, this motion will be denied.

IT IS THEREFORE ORDERED that Plaintiff's motion to amend (Doc. 13) is GRANTED, and the Clerk is directed to add Chris Barela to the docket as a Defendant, and to correct the spelling of Defendant Tryillo's name to Trujillo;

IT IS FURTHER ORDERED that Plaintiff's motions to amend and add exhibits (Docs. 14, 15, and 19) are DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Dona Ana County Detention Center, Aramark Management Services, Garcia, Porter, and Holguin are DISMISSED;

and Defendants Dona Ana County Detention Center, Aramark Management Services, Garcia, Porter, and Holguin are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms -- with copies of this Order, the complaint, and Doc. 13 -- for Defendants Trujillo, Ramirez, and Barela.

_____
UNITED STATES DISTRICT JUDGE