IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

    Plaintiff,

v.                                                      CIV 08-955 WJ/GBW

MARY TRUJILLO,
ALEJANDRO RAMIREZ, and
CHRIS BARELA,

    Defendants.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
# AND
# ORDER ON CERTAIN MOTIONS

This matter is before the Court on a review of the record after the case was transferred to me. This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Denver White initiated this action when he was housed at the Doña Ana County Detention Center in Las Cruces. His complaint alleges multiple constitutional violations, including interference with his mail and denial of access to legal materials. *See Doc. 22* at 2. The mail and legal materials claims against the above-named defendants remain after presiding Judge Johnson's dismissal of certain defendants, claims, and motions. *See id.* at 2-4. The remaining defendants will be personally served by the United States Marshal. *See Docs. 32-33.*

Plaintiff has filed several other motions that are currently pending.  One is a motion for "reconsideration and objections" to Judge Johnson's order.  *See Doc. 26.*  The motion does not present any sufficient legal basis for disturbing Judge Johnson's rulings regarding respondeat superior principles and sufficiency of allegations.  Therefore, I recommend that the motion be denied to the extent Plaintiff challenges the decision to dismiss defendants Aramark Management Services and Captain Garcia.  Plaintiff has made more specific allegations against Lieutenant Porter, but these do not seem to be outside the context of the grievance procedure which Judge Johnson held was not actionable.  *See Doc. 22* at 3.  Therefore, I also recommend that the motion be denied as to Lieutenant Porter as well.  However, to the extent that the motion further explains the basis for his mail and legal materials claims against the remaining defendants, the contents of the documents should be considered at the appropriate time.

Plaintiff filed a motion early in the proceedings asking the previously-assigned Magistrate Judge to order defendants "to stop intefearing (sic) with the delivery of U.S. Legal mail."  *See Doc. 8.*  He claims that, without such an order, his ability to access counsel and the courts will be compromised.  *Id.*  Another motion he filed asks for an order directing defendants to absorb the costs of sending mail to this Court for filing.  *Doc. 11.*  He believes their denial of the same is "part of a continuing pattern of staff members working both individually and together to interfear (sic) with [his] access to

courts." *Id.* at 3.  In another motion, he asks the Court to order defendants to stop rejecting his religious and educational mail.  *Doc. 18.*  In another, he asks for leave to add "Correctional Officer Walters and Lieutenant Porter as defendants for conspiring to . . . lose [his] legal mail."  *Doc. 30.*  He claims that, in January, they failed to mail an envelope he gave them that "contained approximately 30 mail rejection notices showing how the Plaintiff's mail had been refused and by whom [as well as] thirteen envelopes from the New Mexico Supreme Court that were not opened in the Plaintiff's presence." *Id.* at 1-2.  I note, however that, in January and February, this Court received a motion that contains six rejection notices and a list of bible study correspondence courses, *Doc. 19*, and a motion that contains five rejection notices, *Doc. 15.*

To the extent Plaintiff is seeking temporary/preliminary injunctive relief by way of these motions, his requests should be denied.  Foremost, the docket sheet demonstrates that his access to the Courts is not being compromised.  In addition, as of February, he was moved to another prison.  *See Doc. 21* (notice of change of address entered 2/12/09).  Finally, and alone dispositive, he has made utterly no showing of any of the four factors that are a prerequisite to such relief, much less the heightened showing required for such extraordinary relief.[1]  Thus, I recommend that all of these

---

[1] *See, e.g., Attorney General of Oklahoma v. Tyson Foods, Inc.*, ___ F.3d ___-, 2009 WL 1313216 (10th Cir. 2009) ("To obtain a preliminary injunction, the moving party must demonstrate: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips

motions be denied, but that, to the extent the documents explain the basis for his mail and legal materials claims against the remaining defendants, the contents of them be considered at the appropriate time.

One of Plaintiff's motions is not as straightforward as the others.  Among other things, Plaintiff's Complaint seeks "$20,000 in compensatonry (sic) damages and $20,000 in punitive damages from each defendant."  *Doc. 1* at 5.5.  His motion to "correct" asks that "compensatory damages should say instead 'nominal damages.'" *Doc. 25* at 1.  "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," while at the same time, this Court must not assume the role of advocate for a *pro se* litigant.  *Hall v. Bellmon*, 935 F.2d 1106, 1110  (10th Cir. 1991).  It is difficult to decipher what relief the Plaintiff is seeking in this motion.  One way to interpret his request is that he wants to recharacterize his demand for "compensatory damages" as a demand for "nominal damages."  However, because he does not ask to eliminate the $20,000 portion of the compensatory damages demand, Plaintiff's request is nonsensical.  "Nominal" damages are a token amount of damages, typically in the amount of $1, that are awarded when

---

in the movant's favor; and (4) that the injunction is in the public interest." . . .  We consider a preliminary injunction to be an extraordinary remedy, and caution courts against granting injunctions that alter the status quo or that require the "nonmoving party to take affirmative action-a mandatory preliminary injunction-before a trial on the merits occurs." . . .  Because mandatory preliminary injunctions are disfavored, before a district court may grant such relief, the movant must make a heightened showing of the above four factors.").

there is a constitutional deprivation but Plaintiff has not suffered any actual damages. *See, e.g., Robbins v. Chronister*, 435 F.3d 1238 (10th Cir. 2006) (court award of $1 for excessive force claim where no actual damages proven).  A demand for $20,000 in "nominal damages" would be inherently contradictory.  Thus, to the extent that he is seeking to make such a recharacterization, the motion should be denied.

It may be that Plaintiff wants to make sure he does not waive any claim to nominal damages and that, by asking for a nominal amount, he can be awarded anything from $1 to $20,000.  This too is not correct, as nominal and compensatory damages are mutually exclusive.  That is, if actual damages are proven, Plaintiff would be entitled to compensatory damages in more than a nominal amount.  Thus, at this stage of the proceedings where Plaintiff is proceeding *pro se*, I believe the better approach would be to permit him to amend and add a separate demand for nominal damages in addition to his standing demands for compensatory and punitive damages. His demands can be clarified in the event the matter proceeds to trial.

This brings me to Plaintiff's last three pending motions, two of which are requests for appointment of counsel.  *See Docs. 10, 35.*  In considering whether to appoint counsel for indigent plaintiffs under 28 U.S.C. § 1915(d), the factors this Court should consider include "'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity

of the legal issues raised by the claims.'"  *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

Here, the issues are few and relatively straightforward, and Plaintiff has clearly demonstrated an ability to represent himself.  Furthermore, Defendants have not even answered yet and this matter is far from the *Martinez* Report typically ordered in such cases.  Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether a prisoner plaintiff has a meritorious claim.  *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  Until this case passes that stage, I find appointment of counsel is not warranted and deny these motions without prejudice.  Likewise, Plaintiff's motion for discovery is premature and will be denied without prejudice.  *See Doc. 9.*  Again, to the extent that this document explains the basis for his mail and legal materials claims against the remaining defendants, it will be considered at the appropriate time.

Wherefore,

**IT IS HEREBY RECOMMENDED AS FOLLOWS:**

1. Plaintiff's "motion for reconsideration and objections" *(Doc. 26)* be DENIED to the extent that it seeks to add Aramark Management Services, Captain Garcia and Lieutenant Porter as defendants.  To the extent that the motion further explains the basis for his mail and legal materials claims against the

remaining defendants, it should be considered at the appropriate time;

2. Plaintiff's requests for orders and/or to supplement *(Docs. 8, 11, 18, 30)* be DENIED, but that his allegations in these pleadings be considered at the appropriate time and that his requests for injunctive relief in these pleadings be considered among the other demands for relief in his Complaint; and

3. Plaintiff's motion to amend *(Doc. 25)* be DENIED as requested, but that it be GRANTED insofar as Plaintiff seeks to add a separate demand for nominal damages.

**IT IS FURTHER ORDERED AS FOLLOWS:**

1. Plaintiff's motions for appointment of counsel *(Docs. 10, 35)* are DENIED WITHOUT PREJUDICE; and

2. Plaintiff's motion for discovery *(Doc. 9)* is DENIED WITHOUT PREJUDICE but, to the extent the document explains the basis for his mail and legal materials claims against the remaining defendants, it will be considered at the appropriate time.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE