IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

    Plaintiff,

v.                                                                       No. CV 08-0955 WJ/GBW

DONA ANA COUNTY DETENTION CENTER, ET AL.

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND

    This matter is before the Court on Plaintiff's motion to amend. *Doc. 104.* The Court previously denied Plaintiff's earlier motions to amend, in part, due to Plaintiff's failure to include enough information to state a claim against the defendants he sought to add. *Doc. 101.* The current motion will be denied with leave to re-file for the same reason.

    When a party is not eligible for an amendment as a matter of course and is unable to secure the consent of the nonmoving party, "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). The grant or denial of a motion to amend is a matter within the discretion of the District Court, but courts "generally refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'" *Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations omitted); *see also Bradley v.*

*Val-Mejias*, 379 F.3d 892, 900 (10th Cir. 2004).  An amendment is "futile" if the complaint, as amended, would be subject to dismissal.  *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *Bradley*, 379 F.3d at 901.

Because Local Rule 15.1 states: "A proposed *amendment to a pleading* must accompany the motion to amend," and not: "A proposed *amended pleading* must accompany the motion to amend," I am inclined to accept a supplement to Plaintiff's original complaint in lieu of requiring him to rewrite the entire complaint with the new claims included.  That supplement, however, will not be admitted piecemeal.  That is, I will not accept certain paragraphs while striking others.  Some courts have disallowed even a single, cohesive supplement to a pleading due to the confusion piecemeal pleadings can cause.  *See e.g. Walker v. City of Charleston*, W.Va.  412 F. Supp. 2d 600, 600 (S.D.W.Va. 2006).  In the instant case, the claims against two out of three of the newly-proposed defendants are insufficient.  Specifically, the factual allegations as to Dona Ana County Board of Commissioners (DACBC) and Chaplain Beam are insufficient, and, therefore, I find that the proposed amendment is futile.

Plaintiff's entire claim against DACBC is stated in one sentence: "Plaintiff also comes before the court to request that The Dona Ana County Board of Commissioners be added as a defendant on the complaint as they are the authority and supervising agency of D.A.C.D.C. and as such are completely responsible for all constitutional violations that occur at D.A.C.D.C."  The last clause of Plaintiff's sentence is a legal conclusion that is

entitled to no weight. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (U.S. 2007); *Phillips v. Bell*, 2010 WL 517629, *5 (10th Cir. 2010). Thus, the only factual allegation Plaintiff makes is that DACBC is the "authority and supervising agency of D.A.C.D.C." Even accepting that statement as true, Plaintiff has not stated a claim against DACBC.

> To establish municipal liability,
>
> The plaintiff must ... demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Aston v. Cunningham*, 2000 WL 796086, 4 (10th Cir. 2000)(quoting *Board of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997)). See also *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189 -1191 (10th Cir. 2010) for a discussion of municipal liability. As in *Aston*, Plaintiff "fails to allege that a policy, custom, or practice of [DACBC] caused any of the alleged conditions at the [Dona Ana County Detention Center] or played any part in any of the alleged violations." *Id*. at 4. Indeed, Plaintiff's proposed amendment to his complaint "does not link any of the alleged violations to any policy, custom, or practice" of the county. *Id.* Thus, Plaintiff has failed to state a claim against DACBC.

As to Chaplain Beam, Plaintiff makes no allegations against Chaplain Beam except to point the Court to an exhibit in the Martinez Report. *Doc. 104* at 2. The one sentence statement about Chaplain Beam in insufficient to place Chaplain Beam on notice of the claim made against him. Thus, should Plaintiff wish to re-file, he must spell out his factual

allegations and explain how those facts state a claim against the chaplain.

Thus, for all of the forgoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to amend (*doc. 104*) is DENIED with leave to re-file.

_____
UNITED STATES MAGISTRATE JUDGE