**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DENVER JAMES WHITE,

       Plaintiff,

     v.                              No. CV 08-0955 WJ/GBW

DONA ANA COUNTY DETENTION
CENTER, ET AL.

       Defendants.

## ORDER

    This matter is before the Court on two of Plaintiff's Motions to Amend.  *Docs. 85, 112.*  In one of those motions, Plaintiff seeks to add Dona Ana County Board of Commissioners.  *Doc. 112.*  In the other motion, Plaintiff seeks to reinstate as a defendant Justin Porter, among others.  *Doc. 85; see also Docs. 101, 126.*  Moreover, at the October 26, 2010 hearing, I considered the parties' arguments on these motions.  *See docs. 101, 126.*  With respect to the motion seeking reinstatement of previously dismissed defendants, the Court will only address the request regarding Justin Porter.[1]

    The Tenth Circuit has explained the standard for amendment by leave of the

---

[1]  The Court is aware that Plaintiff has another motion to amend pending.  *See Doc. 109* (seeking to add Gordon Devereaux and Chaplin Beam).  That motion, in addition to the remaining requests for reinstatement in *doc. 85* (Aramark Correctional Services, LLC and Officer Holguin), will be addressed in a forthcoming Report and Recommendation.

Court as follows:

> Rule 15 states that leave to amend "shall be freely given when justice so
> requires." Fed.R.Civ.P. 15(a). We generally refuse leave to amend only on
> "a showing of undue delay, undue prejudice to the opposing party, bad
> faith or dilatory motive, failure to cure deficiencies by amendments
> previously allowed, or futility of amendment."

*Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th

Cir. 2005)(quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  For the

reasons given below, I grant Plaintiff's motion to add Dona Ana County Board of

Commissioners (*doc. 112*) and reinstate Lieutenant Porter (*docs. 85, 101*).

<u>Plaintiff's Motion to Amend, *doc. 112*</u>

*Dona Ana County Board of Commissioners (DACBC):*

In Plaintiff's motion at *doc. 112*, Mr. White seeks to add DACBC because it is

"directly responsible for the supervision of the Dona Ana County Detention Center."

*Doc. 112* at 1.  He further adds, "from on or about Oct of 2007 until on or about Feb of

2009 DACBC directly or individually by and through DACDC employees, staff and

contractors, did knowingly employ and utilize both policy and procedures which

violated the Plaintiffs constitutional rights. . ."  *Id*.  Taking this statement in light of

Plaintiff's Complaint as a whole, it is clear that the policies he objects to are those

concerning mailroom intake and detainee access to a legal library.  Also, Mr. Barela's

testimony at the October 26, 2010 hearing made clear that he, as the County-employed

Warden of DACDC, was the writer and final authority for the policies with which

Plaintiff takes issue.

The Tenth Circuit recently summarized the rule for municipal liability as follows:

"[M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Municipal liability may be based on a formal regulation or policy statement, or it may be based on an informal "custom" so long as this custom amounts to "a widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.' " *Municipal liability may be also be based on the decisions of employees with final policymaking authority* or the ratification by such final policymakers of the decisions-and the basis for them-of subordinates to whom authority was delegated subject to these policymakers' review and approval.

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1189-1190 (10th Cir. 2010)(internal citations omitted, emphasis added).

Plaintiff's proposed amendment at *doc. 112* alleges enough to state a claim against DACBC so the amendment is not futile. Defendants did not oppose this motion, and, because I find the amendment was not made in bad faith or with a dilatory motive, and because the amendment will not unduly delay or prejudice the opposing party (the County has been involved in this action since its inception through its employee, Warden Chris Barela), I find Plaintiff's motion well taken and grant it.

Plaintiff's Motion to Amend, *doc. 85*:

*Lieutenant (Justin) Porter*:

In an earlier motion to amend, Plaintiff sought to reinstate three defendants that

were named in his original complaint: Aramark Services, Lieutenant Porter, and Officer

Holguin.  *Doc. 85, see also doc. 1.*  Those defendants were dismissed in February of 2009

because the Complaint failed to state a claim against them.  *Doc. 22.*  In an order in

which I denied two of Plaintiff's motions to amend (*docs. 85, 89*), I stated that I would

decide whether to reinstate Defendants Porter, Holguin, and Aramark Services at the

time I issued a Report and Recommendation on the dispositive motions.  *Doc. 101.*  I

will address Lieutenant Porter's reinstatement now.

In his Complaint, Plaintiff sought to sue Lieutenant Porter due to his denial of

certain grievances.  *Doc. 1.*  Lt. Porter was then dismissed from the case because denial

of a grievance, on its own, is not a basis for a §1983 action.  *See doc. 22.*  After the

*Martinez* Report was filed, however, Plaintiff sought to reinstate Lt. Porter as a

Defendant due to his involvement in the rejection of several items of Plaintiff's mail.  *See*

*doc. 85.*  Indeed, Exhibit J to the *Martinez* Report reflects at least four occasions where Lt.

Porter refused approval of items rejected due to the mailroom prohibitions on copies,

books, or magazines.  *Doc. 84* at 2, 54, 55, and 59.

Plaintiff has stated a claim against Lt. Porter and I recommend granting

Plaintiff's motion to reinstate him as a defendant.  I do not find that Plaintiff's motive in

seeking to add Lt. Porter has its roots in bad faith or a desire to delay the case.  He filed

the motion to add Lt. Porter two weeks after the *Martinez* Report was filed, and his

stated reason for filing the motion was the "new evidence" presented in the Report.

*Doc. 85.* Moreover, I do not find that Lt. Porter's addition will unduly delay or prejudice him. Lt. Porter was on notice of this case when it was filed against him in October of 2008, and his employer and supervisor have been involved in this case from its inception. Furthermore, because the *Martinez* Report calls for such an inclusive swath of documents involving Plaintiff's claims, the evidence presented in the Report likely encapsulates all the evidence DACDC has regarding Lt. Porter's role in the alleged violations of Plaintiff's rights. Thus, I find the interests of justice require granting Plaintiff's motion to amend his Complaint to reinstate Lt. Porter as a defendant.

Notice of Treatment of Summary Judgment Motions:

In his response to the *Martinez* Report, Plaintiff noted that he "respectfully requests that the Court grant Summary Judgment for the Plaintiff as there are genuine issues for trial and an extreme factual basis set forth in this document, and any other relief the court deems fit." *Doc. 95.* The first part of Plaintiff's request sounds like a request that summary judgement be granted in Plaintiff's favor; however, the second part of the sentence sounds like a request that the Court merely deny Defendants' Motion for Summary Judgment.

In August of 2009, Plaintiff moved for summary judgment against all Defendants on the merits. *Doc. 47.* That motion was denied with leave to refile because Defendants had not yet been required to answer, which rendered Plaintiff's motion premature. *Doc.*

*52.* As the Court construes *pro se* Plaintiffs' court filings liberally (*See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991)), and it appears from Plaintiff's previous filing that his most likely intent was to seek summary judgment, I construe Plaintiff's request as a motion for summary judgment in his favor. Defendants had the opportunity to respond to Plaintiff's request (encapsulated in his Response to the *Martinez* Report, *doc. 95*), but failed to do so. Nevertheless, because Plaintiff's request was not embodied in its own stand alone motion and the language surrounding his request makes his intent somewhat unclear, I will grant all Defendants additional time to respond to his motion if they so choose. Furthermore, DACBC and Lt. Porter, if they wish, may use this time to supplement the record with any evidence not already submitted that speaks to the claims against them. If Defendants choose to respond or supplement the record, Plaintiff will be given the opportunity to reply.

Due to DACBC's and Lt. Porter's close relationship to and integral involvement in the claims against Defendant Barela, the Court will also construe Defendant Barela's Motion to Dismiss or for Summary Judgment (*doc. 61*) and the request for summary judgment included in the *Martinez* Report (*doc. 83*) as joined by DACBC and Lt. Porter. Plaintiff is not required to submit additional briefing on Defendants' motions for summary judgment. If he has further arguments not already provided in the motion work, however, as to why the claims specifically against DACBC and Lt. Porter should not be decided in their favor, he is free to supplement his response in the time period

given below.

**WHEREFORE,**

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend at *doc. 112* is GRANTED,

IT IS FURTHER ORDERED that Lt. Porter be reinstated as a defendant in this matter as requested in Plaintiff's Motion to Amend at *doc. 85* (*see also doc. 101*);

IT IS FURTHER ORDERED that Plaintiff, DACBC, Lt. Porter, and the rest of the Defendants have twenty-eight (28) days to supplement the record, if they so choose, in light of DACBC's addition, Lt. Porter's reinstatement and the "Notice of Treatment of Summary Judgment Motions" included herein.

_____
UNITED STATES MAGISTRATE JUDGE