IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

    Plaintiff,

v.                                                                         No. CV 08-0955 WJ/GBW

DONA ANA COUNTY DETENTION CENTER, ET AL.

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Request Copies of Transcripts. *Doc. 127.* In his motion, Plaintiff requests the Court provide a free transcript of the October 26, 2010 hearing. *Doc. 127.* He states that, "In support of this request plaintiff declares under penalty of perjury that he is indegent [sic] and does not have the funds to otherwise procure the documents." *Id.* In fact, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *Doc. 5.*

However, neither 28 U.S.C. § 1915 nor any other authority permits the use of federal funds to pay for the transcript requested by Plaintiff. As the Court explained in a similar case in which an indigent § 1983 Plaintiff sought the transcript of his deposition:

> An indigent plaintiff bears his own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir.1993). "[T]here is no statutory authority for a court

> to commit federal funds to pay for deposition transcripts." *Id. See Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir.1983) (no constitutional or statutory requirement to waive an indigent prisoner plaintiff's costs of discovery); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir.1964) (the statutory right to proceed *in forma pauperis* does not include the right to obtain copies of court orders without payment therefore); *Rivera v. DiSabato*, 962 F.Supp. 38, 40 (D.N.J. 1997) ( *in forma pauperis* prisoner was not entitled to a free transcript of the deposition of him taken by defendants in a civil rights suit). Accordingly, plaintiff's motion for waiver of discovery costs will be denied.

*Dujardine v. Michigan Dept. of Corrections*, No. 1:07-CV-701,  2009 WL 3401172 at *1 (W.D.Mich. Oct. 19, 2009).

Another District Court similarly held that a prisoner-plaintiff proceeding *in forma pauperis* in a civil rights action was not entitled to a free transcript of his deposition. That court held that, at least in the Third Circuit, the basic tenant that litigants must bear their own costs is in line with the PLRA and is not overwritten by the *in forma pauperis* statute:

> Indeed, it is well-settled that litigants generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) "There is no provision in the statute [28 U.S.C. § 1915(b)] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159; *See also  Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983); *Toliver v. Community Action Commission to Help the Economy, Inc.*, 613 F.Supp. 1070, 1072 (S.D.N.Y. 1985)("[t]here [is] no clear statutory authority for prepayment of discovery costs pursuant to 1915 or otherwise").
>
> . . . . Despite the apparent suggestion that the information in the deposition transcripts may have been potentially helpful as probative, material information, the Third Circuit Court concluded that 28 U.S.C. §

> 1915 does not encompass an entitlement to copies of deposition transcripts at Government expense. *Id*. at 159.
>
> This position is consistent with the recently enacted Prison Litigation Reform Act ("PLRA"), effective April 26, 1996, which modifies 28 U.S.C. § 1915. Enacted "to relieve the pressures on the federal courts of frivolous suits by prison inmates," the Act fundamentally alters the prior statute by requiring in forma pauperis prisoners to pay all filing fees. *Martin v. United States*, 96 F.3d 853, 856 (7th Cir. 1996). Clearly, both Congress and the federal courts support the necessity for litigants to bear their own litigation expenses, and have, consequently, forged an elaborate scheme, in the PLRA, to enable even indigent litigants to do so. *Santana v. United States*, 98 F.3d 752, 754 (3d Cir. 1996).
>
> . . . . Significantly, plaintiff "attended and participated in all of the depositions and therefore was able to take notes and compile information from the live testimony." *Id*. The Third Circuit found that this consideration, coupled with the fact that plaintiff offered no viable reason for the necessity of the transcripts, was sufficient reason to deny plaintiff's request that defendants provide gratuitous copies of the deposition transcripts, in light of the general rule that "indigent litigants bear their own litigation expenses." *Id*. Hence, in this Circuit, the basic tenet, that a litigant bears the burden of financing his own litigation expenses, adheres in the great majority of cases and circumstances. *Id*.

*Rivera v. DiSabato*, 962 F.Supp. 38, 40-41 (D.N.J.,1997)*(see also Levi v. Director of Corrections*, No. CIV-S020910-LKKKJMP, 2006 WL 845733 at *2 (E.D.Cal. Mar. 31, 2006)(also denying a prisoner-plaintiff's request for free deposition transcript)).

I find the reasoning of the above courts persuasive and applicable to a motion for a free transcript of a hearing.  I will adopt it here.  My decision rests, in part, on the fact that no stenographer was present at the hearing, so there is no readily available transcript to provide.  Nevertheless, I am inclined to give Plaintiff an audio recording of the hearing, which is the most the Court provides to full-paying litigants.  The usual $26

fee will be waived.

Thus,

IT IS HEREBY ORDERED that Plaintiff's Motion to Request Copies of Transcripts (*doc. 127*) is DENIED; however,

IT IS FURTHER ORDERED that the Clerk's Office mail Plaintiff an audio recording of the October 26, 2010 hearing to his address of record for no charge.

_____
UNITED STATES MAGISTRATE JUDGE