IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

    Plaintiff,

    v.                                                                No. CV 08-0955 WJ/GBW

DONA ANA COUNTY DETENTION
CENTER, ET AL.

    Defendants.

# REPORT AND RECOMMENDATION

This matter is before the Court on two of Plaintiff's Motions to Amend. *Docs. 85, 109.* In one of those motions, Plaintiff seeks to add Gordon Devereaux and "Chaplin" Beam. *Doc. 109.* In the other motion, Plaintiff seeks, among other things, to reinstate as defendants Aramark Management Services and "Officer" Holguin. *Doc. 85; see also docs. 101, 126.* At the October 26, 2010 hearing, I considered the parties' arguments on these motions. *See docs. 101, 126.*[1]

The Tenth Circuit has explained the standard for amendment by leave of the

---

[1] The Court ruled on the other individuals Plaintiff seeks to add in an earlier Order. *Doc. 129.* The Court addresses these remaining individuals in a Report and Recommendation because the proposed denial is premised upon futility which can be considered case-dispositive as to the particular individuals. *See Mueller Co. v. U.S. Pipe & Foundry Co.,* 351 F. Supp.2d 1 (D.N.H. 2005); *HCC, Inc. v. R H & M Mach. Co.,* 39 F. Supp.2d 317 (S.D.N.Y. 1999).

Court as follows:

> Rule 15 states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We generally refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."

*Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).  An amendment is "futile" if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).  "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009)(quoting *E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004)).  For the reasons given below I recommend denying Plaintiff's motion to add Gordon Devereaux and Chaplin Beam (*doc. 109*) and declining to reinstate Officer Holguin or Aramark Services (*docs. 85, 101*) due to futility.

<u>Plaintiff's Motion to Amend, *Doc. 109*</u>

*Gordon Devereaux:*

Plaintiff seeks to add Gordon Devereaux based on an affidavit Mr. Devereaux submitted in the *Martinez* Report stating that he oversees the DACDC prisoner mail.

*Doc. 109; see also doc. 83* at Exh. A.  At the hearing, Mr. Devereaux stated that he supervised the mailroom staff, and that there were only two mailroom employees: Defendants Trujillo and Ramirez.  *Doc. 126.*  He also stated that he and Defendants Trujillo and Ramirez were Aramark employees, no DACDC employees worked in the mailroom, Aramark had no input into the policies promulgated by DACDC, and mailroom staff went to DACDC employees, not him, for guidance when they were unsure whether a mailed item violated DACDC policy.  *Id.*  It is unclear exactly what Mr. Devereaux's supervisory role entailed, but it is clear he did not 1) reject any of Plaintiff's mail, 2) draft or help create any of the mailroom policies with which Plaintiff takes issue, or 3) provide guidance to mailroom staffers when confronted with mailed items that presented close calls.

    The Tenth Circuit recently clarified the rule for supervisory liability post *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009):

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights ... secured by the Constitution ...." (quoting 42 U.S.C. § 1983).

*Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).  Based upon the evidence before the Court, Mr. Devereaux did not create or promulgate the mail policy.

Moreover, while he was administratively-speaking the supervisor of the mailroom, he did not meaningfully implement or otherwise possess responsibility for the mail policy. Under these circumstances, the evidence regarding Mr. Devereaux is insufficient to meet the *Dodds* standard for supervisory liability. Therefore, the claim against him would be subject to dismissal. Consequently, I recommend denying Plaintiff's motion to add Mr. Devereaux as a Defendant because it would be futile.

*"Chaplin" Beam:*

Plaintiff also seeks to add "Chaplin" Beam (David Beam) as a defendant due to his alleged rejection of Plaintiff's Christian Science Monitor (CSM) newspapers. *Doc. 109*. The *Martinez* Report shows that Mr. Beam was referenced on three occasions regarding rejection of issues of the CSM. *Doc. 86* at 5-7. As explained by Mr. Beam at the October 26, 2010 hearing, mailroom staff would bring him items that violated one of the mailroom prohibitions yet looked like they might be religious material. *Doc. 126*. His role in the mailroom was then to determine whether those items were religious. *Id.* If he determined that an item was religious, Mr. Beam would need to seek the authority of a DACDC employee to know whether the religious nature of the mailed item trumped the mailroom prohibition. *Id.* He explained, for example, that he would not have authority, by himself, to allow in a bible printed on newspaper. *Id.* Mr. Beam would make the determination that the item was religious, but a DACDC employee would make the decision whether to permit the item to be delivered to the inmate. *Id.*

Moreover, Defendant Barela testified that Mr. Beam does not have authority to reject mail. *Id.*

Plaintiff's claims against Mr. Beam hinge on DACDC's refusal to give Plaintiff the copies of the CSM that were mailed to him. However, there is no genuine dispute about the fact that Mr. Beam lacked the authority to reject those, or any, mail items. Therefore, the claim against him would be subject to dismissal. Consequently, I recommend denying Plaintiff's motion to add "Chaplin" Beam as a Defendant because it would be futile.

Plaintiff's Motion to Amend, *doc. 85*:

In an earlier motion to amend, Plaintiff sought to reinstate three defendants that were named in his original complaint: Aramark Services,[2] Lieutenant Porter, and Officer Holguin. *Doc. 85, see also doc. 1.* Those defendants were dismissed in February of 2009. *Doc. 22.* In an Order in which I denied two of Plaintiff's motions to amend (*docs. 85, 89*), I stated that I would decide whether to reinstate Defendants Porter, Holguin, and Aramark Services at the time I issued a Report and Recommendation on the dispositive motions. *Doc. 101.* I considered Lt. Porter's reinstatement in an earlier order. *Doc. 129.* Now I will address Aramark Services' and Officer Holguin's reinstatement.

---

[2]Plaintiff Seeks to add "Aramark Correctional Services, LLC," *doc. 85* at 3, and "Aramark Management Services, L.P." was terminated on February 18, 2009. *Doc. 22.* Plaintiff refers to them as the same entity, and the Court will assume they are the same entity for the purposes of this order.

*Aramark Management Services, L.P.:*

In Plaintiff's original complaint, he alleged that Aramark Management Services was a private company that contracts with DACDC to perform some of the detention center's duties. *Doc. 1; see also doc. 126.* Aramark, however, was dismissed because the Complaint failed to state a claim against it. *Doc. 22.* In his motion to amend, Plaintiff sought to add Aramark back to the list of Defendants, arguing that it is an appropriate defendant because it is the contract service provider for processing mail at the DACDC. *Doc. 85.*

The Tenth Circuit has made clear that private actors cannot be held liable under § 1983 on a *respondeat superior* theory. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Instead, under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), a corporation is liable only if its policy was the "direct cause" or "moving force" behind the constitutional violations. *See id.; see also Smedley v. Corrections Corp. Of America*, 175 F. App'x 943, 946 (10th Cir. 2005); *Herrera v. County of Santa Fe*, 213 F. Supp. 2d 1288, 1290 n.2 (D.N.M. 2002).

At the October 26, 2010 hearing, Defendant Barela and Gordon Devereaux testified that all of the mail policies are established by County, not Aramark, personnel. *Doc. 126.* Indeed, Mr. Devereaux testified that no Aramark personnel even had full enforcement authority: where mailroom staff had questions on close calls, they referred

to county employees. Thus, I do not recommend reinstating Aramark as a defendant because any claim against it would be subject to dismissal.

*Officer Holguin:*

Officer Holguin was dismissed from this case in February of 2009 because Plaintiff's Complaint failed to state a claim against her. *See doc. 22*. After the *Martinez Report* was filed, Plaintiff sought to reinstate Officer Holguin as a defendant due to her participation in the rejection of a single mailed item. *Doc. 85*. The rejection notice for that item indicates that a package from the Center for Constitutional Rights was rejected due to the mailroom prohibition on books and magazines. *Doc. 84* at 2. It also notes that the package was shown to both Lt. Porter and Officer Holguin and "both agree not legal papers." *Id*.

"[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003). *See also Berger v. White*, 12 F. App'x 768 (10th Cir. 2001); *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001). Similarly, isolated incidents of mail delay do not amount to a constitutional violation (*see Bruscino v. Pugh*, No. 02-CV-02362-LTB-PAC, 2006 WL 980580, at *7 (D.Colo. Apr. 11, 2006)(citing *Zimmerman v. Tribble*, 226 F.3d 568, 572-73 (7th Cir. 2000)). Given that Officer Holguin was involved in the rejection of only one piece of mail and that the rejection was also approved by Lt. Porter who is a named Defendant, I conclude that adding Officer Holguin would fail to state a sufficient 1983

claim against her. Consequently, I recommend denying Plaintiff's motion to reinstate Officer Holguin on the basis of futility.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Amend at *doc. 109* be DENIED, and that Plaintiff's request that Aramark Services and Officer Holguin be reinstated as defendants (*see docs. 85, 101*) also be DENIED due to futility.

> THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE