IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENVER JAMES WHITE,

    Plaintiff,

    v.                                                                No. CV 08-0955 WJ/GBW

DONA ANA COUNTY DETENTION CENTER, ET AL.

    Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Magistrate Judge filed his Report and Recommendation regarding Plaintiff's motions to amend (*doc. 109, 85*) on December 1, 2010. *Doc. 131.* The Magistrate Judge recommended denying as futile Plaintiff's requests to add as parties four separate defendants: Gordon Devereaux, "Chaplin" Beam, Aramark Management Services, and "Officer" Holguin. *Id*. Plaintiff objected only to the recommendation to deny the addition of "Chaplin" Beam. *Doc. 135.* The time for objections has since run, and no other objections were filed. As there are no objections to denying Plaintiff's motion to add Gordon Devereaux, Aramark Management Services, and "Officer" Holguin, I will adopt without further comment the Magistrate Judge's Report and Recommendation as to those proposed defendants. As to the Recommendation regarding "Chaplin" Beam, I agree with the reasoning of the Magistrate Judge and, thus, overrule Plaintiff's objections and adopt the

Report and Recommendation.

As the Magistrate Judge noted, the Tenth Circuit Court of Appeals has explained the standard for amendment by leave of the Court as follows:

> Rule 15 states that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). We generally refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."

*Duncan v. Manager, Dept. of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)(quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). An amendment is "futile" if the complaint, as amended, would be subject to dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Compton v. Rent-A-Center, Inc.*, 350 F. App'x 216, 221 (10th Cir. 2009)(quoting *E.Spire Commc'ns, Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004)).

Plaintiff sought to add Chaplin Beam (David Beam) as a defendant due to his alleged rejection of Plaintiff's Christian Science Monitor (CSM) newspapers. *Doc. 109.* The *Martinez* Report shows that Mr. Beam was consulted on three occasions regarding rejection of issues of the CSM. *Doc. 86* at 5-7. The Magistrate Judge also cited the following information from the October 26, 2010 evidentiary hearing:

> As explained by Mr. Beam . . . mailroom staff would bring him items that violated one of the mailroom prohibitions yet looked like they might be religious material. *Doc. 126.* His role in the mailroom was then to determine whether those items were religious. *Id.* If he determined that an item was religious, Mr. Beam would need to seek the authority of a DACDC employee to know whether the religious nature of the mailed item trumped the mailroom prohibition. *Id.* He explained, for example, that he would not have authority, by himself, to allow in a bible printed on newspaper. *Id.* Mr. Beam would make the determination that the item was religious, but a DACDC employee would make the decision whether to permit the item to be delivered to the inmate. *Id.* Moreover, Defendant Barela testified that Mr. Beam does not have authority to reject mail. *Id.*

*Doc. 131.* The Magistrate Judge then recommended denying Plaintiff's Motion to add Mr. Beam as futile, reasoning:

> Plaintiff's claims against Mr. Beam hinge on DACDC's refusal to give Plaintiff the copies of the CSM that were mailed to him. However, there is no genuine dispute about the fact that Mr. Beam lacked the authority to reject those, or any, mail items. Therefore, the claim against him would be subject to dismissal.

*Id.*

In the Objections, Plaintiff argues that Chaplin Beam is a proper Defendant because although he did not have authority to reject mail, he did have authority to classify a mailed item as religious, and he refused to so classify the CSM after giving it only a quick look. *Doc. 135.* Plaintiff argues that Chaplin Beam's lack of scrutiny was a violation of the Chaplin's duties, and it led to the denial of Plaintiff's religious rights. *Id.*

> To establish a § 1983 claim against Chaplin Beam, Plaintiff must show:
>
> (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

*Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)(internal citation omitted). Plaintiff appears to dispute the Magistrate Judge's conclusion that Chaplin Beam's actions were not the proximate cause of the alleged violations of Plaintiff's religious rights. When considering causation in a § 1983 context, "[t]he relevant inquiry is 'whether an official's acts or omissions were the cause-not merely a contributing factor-of the constitutionally infirm condition.'" *Tafoya v. Salazar*, 516 F.3d 912, 922 (10th Cir. 2008)(quoting *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Here, although Chaplin Beam was a player in the review process for the CSM issues, the warden of DACDC testified that Chaplin Beam was not responsible for rejecting any mail and that newspapers, even when found to be religious, would be prohibited by mailroom policies. *See doc. 126* at "10:27." Thus, for these reasons and those outlined in the Magistrate Judge's Report, I overrule Plaintiff's objections and adopt the Magistrate Judge's Report and Recommendation.

Wherefore,

IT IS HEREBY ORDERED that the Magistrate Judge's Amended Proposed Findings and Recommended Disposition (*Doc. 131*) is ADOPTED and Plaintiff's motions to add Gordon Devereaux, "Chaplin" Beam, Aramark Management Services, and "Officer" Holguin (*see doc. 109, 85*) are denied.

UNITED STATES DISTRICT JUDGE